

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Pilar G. Kraman**
P 302.576.3586
pkraman@ycst.com

July 30, 2019

**BY CM/ECF & HAND DELIVERY**                REDACTED -- PUBLIC VERSION
The Honorable Christopher J. Burke
District of Delaware
844 North King Street
Wilmington, DE 19801

Re:  *Satius v. Samsung Elecs. Co., Ltd., et al.*, No. 18-850-MN-CJB

Dear Judge Burke:

Samsung moves for a Court Order compelling factual and legal contention discovery from Satius relating to invalidity and damages, as well as proper identification of documents under Federal Rule of Civil Procedure 33(d). Samsung is seeking the Court's intervention despite its best efforts to resolve these issues with Satius in good faith.

Regarding invalidity, Satius declines to respond to properly served interrogatories requesting rebuttal validity contentions, arguing that Samsung will have to await expert reports. Satius takes this position despite requesting non-infringement contention discovery from Samsung. Samsung has thus provided over 100 pages of claim charts setting out its non-infringement positions (Exs. C, D (excerpt)), while Satius continues to withhold its contentions regarding invalidity.

Regarding damages, Satius will only say that, "pursuant to 35 U.S.C. § 284," it seeks "at least a reasonable royalty . . . ." And, for a related interrogatory relating to, *inter alia*, whether Satius has alleged that the patent-in-suit is practiced by any other parties, Satius invoked Rule 33(d) without citing any documents. Satius should provide a narrative response to the interrogatories, and reference specific materials under Rule 33(d).

In short, the law is clear that Satius must provide substantive responses now, in good faith, during fact discovery.

**I.      BACKGROUND.**

Defendants served detailed initial invalidity contentions on April 5, 2019. Ex. E; Ex. F (exemplary claim chart). On May 31, 2019, Defendants served interrogatories requesting, *inter alia*, Satius's "complete factual and legal responses to the invalidity contentions served by Samsung" (No. 13), along with other interrogatories directed to objective indicia of non-obviousness (No. 14), damages (Nos. 7, 8, and 10), and any allegations of, *inter alia*, infringement by any other entities (No. 11). Ex. B at 13-15.

On June 3, 2019, Satius served interrogatories on Defendants requesting, *inter alia*, that Defendants provide "the factual and legal basis for Defendants' allegation that Defendants do not infringe the Asserted Patent." *See* Ex. C at 20 (No. 5). Satius then proposed that the parties extend by two weeks their response dates to each side's interrogatories; Samsung agreed. D.I. 41.

On July 15, 2019, Satius served the responses at issue here. For invalidity, Satius declined to respond substantively, simply stating it would serve "expert report[s]." Ex. A at 23-25. For damages, Satius cited to the "Damages Model" it served under the Scheduling Order, stating that, "pursuant to 35 U.S.C. § 284," it seeks "at least a reasonable royalty" (Ex. H); Satius otherwise objected that damages issues are "premature," and should await "expert report[s]." Ex. A at 14-15. Separately, after Satius indicated that it might seek damages for non-U.S. activities, Ex. J at 22; D.I. 15 at 3, Samsung served Interrogatory No. 8, asking Satius to state—one way or the other—whether Satius is asserting such a theory and what it is, so that Samsung may conduct its own discovery. Ex. B at 13-14. Satius again rested on its premature objection. Ex. A at 16-17. Samsung likewise asked Satius to set out "all facts related to any valuation of this lawsuit, or any potential or likely monetary damages that could be recovered by you . . . ." Ex. B at 14. Satius offered as its response that it "did not understand the meaning or scope." Ex. A at 19-20. Lastly, Samsung asked Satius to set out communications discussing, *inter alia*, Samsung, the accused products, and any allegations that the patent-in-suit are practiced by any entities. Ex. B at 14. Satius responded: "*to the extent any information responsive*" exists (emphasis added) and invoked Rule 33(d), without citation to any documents. Ex. A at 20-21.

Samsung immediately raised with Satius its failure to answer the above interrogatories. Ex. G at 9-10. No one from Satius was available to meet and confer prior to Samsung's interrogatory response deadline of July 17. *Id.* at 8-9. Samsung offered to provide three additional weeks for Satius to supplement, and proposed that Samsung serve its responses in three weeks as well, in order to avoid Satius having a tactical advantage. *Id.* Satius declined. *Id.* During the parties' meet-and-confer, Samsung noted Satius's duty to respond to contention interrogatories and this Court's *Pragmatus* decision, discussed below. Satius reiterated that it would not respond, while eventually asking for more time. After Samsung still did not hear back, Samsung again cited *Pragmatus* and further noted that *Pragmatus* enforced the same Scheduling Order provision that exists in this case. *Id.* at 1-2. Specifically, Para. 8(d) provides that "[t]he Court encourages the parties to serve and respond to contention interrogatories early in the case." D.I. 20.

On July 22, Satius responded simply by referencing its existing responses and stating that "[w]e … will not be supplementing [the interrogatory responses] at this time." Ex. G at 1.

**II.     INVALIDITY FACTUAL AND LEGAL CONTENTIONS (NOS. 13 AND 14).**

Interrogatory No. 13 requests factual and legal contentions in response to Samsung's invalidity contentions—served almost four months ago. Ex. B at 15. In *Pragmatus v. Yahoo!*, No. 11-902-LPS-CJB, D.I. 164 (D. Del. June 25, 2013) (Ex. I), this Court enforced a nearly identical interrogatory, where a patentee had initially provided *some* level of response. The Court ordered the patentee, "after setting out [its] objections, . . . [to] make a good faith attempt to otherwise fully answer . . . to in some way address the substance of [the defendant's] assertion that each limitation is

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
Page 3

met by a particular system." *Id.* The Court should order Satius to do the same.

Interrogatory No. 14 requests Satius's contentions regarding objective indicia of non-obviousness. Ex. B at 15. "[A] patentee bears the burden of production with respect to evidence of secondary considerations of nonobviousness." *Zup, LLC v. Nash Mfgr., Inc.*, 896 F.3d 1365, 1373 (Fed. Cir. 2018). If Satius will not be asserting an objective indicia case, Satius should say so. If Satius will seek to assert such a case, Satius should provide a good-faith, substantive answer.

### III.  DAMAGES FACTUAL AND LEGAL CONTENTIONS (NOS. 7, 8, AND 10).

Interrogatory No. 7 requests Satius's factual and legal contentions regarding damages, Interrogatory No. 8 requests Satius to set out its position—one way or the other—as to whether it is accusing any non-U.S. activities, and Interrogatory No. 10 requests that Satius set out facts of which it is aware relating to its damages theory. Ex. B at 13-14. For Interrogatory No. 7, Satius stands on its "Damages Model," which, as noted, simply cited the Patent Act and stated that Satius would pursue at least a reasonable royalty; for Nos. 8 and 10, Satius makes no effort to substantively respond. Ex. A at 14-15; Ex. H at 3.

This Court has repeatedly required parties claiming damages to respond to contention interrogatories and provide basic information about their damages theories and underlying facts. *See In re: Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, No. 09-MD-2118-SLR, 2013 WL 12291705 (D. Del. Oct. 22, 2013) (calculation of damages will be the subject of expert opinion, but plaintiffs have "an obligation to provide their good faith bases for electing their theories of recovery, consistent with Fed. R. Civ. P. 11"); *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, No. 14-878-LPS-CJB, D.I. 101 (D. Del. Jan. 28, 2016) (plaintiff shall provide "a meaningful articulation of the bases for [plaintiff's] contention that it is entitled to such damages") (Ex. K). Defendants respectfully request that the Court order Satius to respond in good faith.

### IV.  COMMUNICATIONS REGARDING, *INTER ALIA*, THE '385 PATENT (NO. 11).

Interrogatory No. 11 requested identification of communications with any entity relating to, *inter alia*, the Asserted Patent and allegations of infringement. Ex. B at 14. As noted, Satius invoked Rule 33(d), but did not cite any documents, Ex. A at 20-21, which the rule does not permit. Satius later stated that it would supplement when ESI is complete. *Id.* Samsung reiterated that Satius should respond in good faith, other than with respect to ESI. To be clear, Samsung does not object to Satius supplementing with responsive citations to ESI, upon completion of ESI discovery. For non-ESI information, Samsung cannot tell, one way or the other, what Satius's response means—*e.g.*, whether or not Satius has alleged infringement against other parties and technologies. This prevents Samsung from taking discovery as to how Satius has attempted to use an incoherent patent. Other than with respect to ESI, Satius should be compelled to respond in good faith.

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Honorable Christopher J. Burke
Page 4

                                        Respectfully submitted,

                                        /s/ Pilar G. Kraman

                                        Pilar G. Kraman (No. 5199)

cc:       All counsel of record (via CM/ECF)
            Clerk of the Court (via hand delivery)