# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SATIUS HOLDING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-850-MN-CJB |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., and | ) | **DEMAND FOR JURY TRIAL** |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## FROM ALAN R. SILVERSTEIN

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
Greg Proctor
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Shannon H. Hedvat
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: August 1, 2019
Public version dated: August 7, 2019

Alan R. Silverstein (#5066)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
asilverstein@potteranderson.com

*Attorneys for Plaintiff*
*Satius Holding, Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951

**Alan R. Silverstein**
**Counsel**
asilverstein@potteranderson.com

August 1, 2019

**BY CM/ECF AND HAND DELIVERY**                      **PUBLIC VERSION**
The Honorable Christopher J. Burke                       August 7, 2019
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

         Re:     *Satius Holding, Inc. v. Samsung, et al.* (C.A. No. 1:18-cv-00850-MN-CJB)

Dear Judge Burke:

Defendants' attacks against Plaintiff's ("Satius'") responses to certain interrogatories ring hollow.  In their July 30 letter (D.I. 48), Defendants disregard the Scheduling Order and case law, as well as Satius' actual responses and the parties' discussions regarding the instant dispute.  As set forth below, Defendants' attempt to compel further responses should be denied.

**Interrogatory No. 13**
Interrogatory No. 13, which requests "[f]or each Asserted Claim that [Satius] contend[s] is valid, describe in detail the complete legal and factual bases for [its] contention, including [its] complete factual and legal responses to the invalidity contentions served by Samsung and a chart that overcomes each prior art reference Samsung asserts," is compound and seeks to impose an unreasonable burden on Satius at this stage of the case.  D.I. 48, Ex. B at 15.  The interrogatory requests that Satius address at least *188* different alleged prior art references that Defendants identified in their Invalidity Contentions, even though Defendants only provided *29* charts for these references and, as explained below, left open hundreds of potential combinations of the same.  Defendants' insistence on such detail regarding each of these alleged references and combinations, at this early stage of the case, is contrary to the law.

First, because patents are presumed valid, Defendants bear the burden to prove otherwise.  *Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.,* 26 F.3d 1112, 1115 (Fed. Cir. 1994) ("a patent is presumed valid and one challenging its validity bears the burden of proving invalidity").  Here, Defendants need to provide a detailed explanation of their invalidity contentions before any response is required.  Because Defendants only chart a fraction of the references (as noted above), Satius should not have to bear the burden of guessing what Defendants' invalidity contentions are, particularly given that patents are presumed valid.  Fed. R. Civ. P. 26(b) (prohibiting discovery where "the burden or expense of the proposed discovery outweighs its likely benefit").  Moreover, "[o]nce the expert opinions on invalidity are disclosed and analyzed, the invalidity issues may well narrow and change" and thus requiring Satius to provide responsive contentions this early in the case is an unreasonable burden.  *Bonutti Skeletal Innovations LLC v. Linvatec Corp.,* No. 6:12-cv-1379, 2014 WL 186123, at *4 (M.D. Fla. Jan.

The Honorable Christopher J. Burke
Page 2                                Public version dated: August 7, 2019

16, 2014) (interrogatory was "premature, oppressive and overbroad" before expert opinions).[1]

Second, as Satius explained during the parties' meet and confer, the interrogatory is premature as the Scheduling Order provides for a final identification of prior art (December 20, 2019) and final invalidity contentions (February 18, 2020). As the "Scheduling Order incorporates the concept that discovery will progress in phases," including with final invalidity contentions, there is no basis to "expedit[e] complete and final responses to contentions ahead of [such] deadlines." *Novanta Corp., v. Iradion Laser, Inc.*, No. 15-1033-SLR-SRF, 2016 WL 4987110, at *8 (D. Del. Sept. 16, 2016). This is particularly the case where, as here, there is a heavy and unreasonable burden that would otherwise be imposed on Satius to address an extraordinary number of references and combinations, the majority of which have *not* been charted (as discussed below), and that will ultimately be narrowed. *See e.g.*, Ex. 1, *Dragon Intell. Prop. LLC v. Apple*, No. 13-2058-RGA, D.I. 69 at 10:17-11:1 (D. Del. Feb. 18, 2015) (whether there were "40 or 44, 60 or 62" references, they were "too many" and plaintiff would not be ordered to "respond to [the] interrogatory" until the number is "down to a reasonable number"); *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, No. 3:2003-57, 2007 WL 1300772, at *4 (W.D. Pa. May 2, 2007) (plaintiff not required to respond to interrogatory seeking "validity" contention because of undue burden where 57 prior art references were identified in invalidity contentions).

**Interrogatory No. 14**
Defendants' Interrogatory No. 14, seeking "every objective indicia of nonobviousness," is another impermissible attempt to obtain early expert discovery and impose an undue burden on Satius. Defendants previously took the position that they will not address secondary considerations of nonobviousness in their opening expert report, demanding that Satius first address it in its opening *expert* report. Ex. 2 at 14:18-15:1 (Defendants "will not say anything about the [nonobvioussness] issue in [its opening expert] report. We'll wait to see what [Satius] say[s] in response. We'll provide a rebuttal report on that issue only."). Wholly apart from the law that the ultimate burden lies with the challenger to address obviousness,[2] Defendants cannot take contrary positions. On the one hand, Defendants claim that secondary considerations is a subject of expert testimony but, on the other hand, now seek to require Satius to provide its expert opinion early through Interrogatory No. 14.

Regardless, Defendants' invalidity contentions fail to provide any obviousness contentions. At most, Defendants provide blanket statements pertaining to obviousness stating that a POSITA "would have been motivated to combine the prior art cited in the Appendices" and then listing hundreds, if not thousands, of possible combinations. D.I. 48, Ex. E at 11, 43-48. Further, none of the Appendices charts obviousness combinations and only leave open that each charted reference invalidates the "Asserted Claims . . . under [] §§ 102 or 103, either alone or in

---

[1] Defendants' suggestion that their response to Satius' non-infringement interrogatory relates to the instant issue is of no import. There is no presumption of infringement and, as explained in *Pragmatus v. Yahoo!*, which Defendants rely on, a "response to [an] interrogatory requesting information regarding [] non-infringement contentions [is] a separate issue." D.I. 48, Ex. I at 3.
[2] The case Defendants rely on makes this clear: "the ultimate burden of persuasion [is] on the patent challenger [for] the obviousness analysis." *Zup, LLC v. Nash Mfgr., Inc.*, 896 F.3d 1365, 1373-74 (Fed. Cir. 2018); *see also WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1359 (Fed. Cir. 1999) ("The objective evidence of non-obviousness may be used to rebut a prima facie case of obviousness based on prior art references.") (citation omitted).

combination with the background knowledge and ordinary skill of a [POSITA] and/or one or more of the other prior art references identified in Samsung's invalidity contentions." *See, e.g.*, *id.*, Ex. F at A01-1. Thus, before Satius can properly address and identify the relevant objective indicia of nonobviousness, Defendants must first specify their obviousness contentions.

**Interrogatory Nos. 7, 8, and 10**
Satius' responses to Interrogatory Nos. 7, 8 and 10, seeking information regarding its damages contentions are sufficient "based on the information currently in [its] possession." *Pers. Audio, LLC v. Google LLC*, No. 17-1751-CFC-CJB, 2018 WL 4502002, at *1 (D. Del. Sept. 20, 2018). Satius explained during the meet and confer that it would identify any missing documents to Defendants so that the parties could work together in good faith to address both parties' concerns. Defendants, however, elected to raise the issue now.

Specifically, discovery is ongoing and Defendants have yet to provide key documents and financial information which inform a damages analysis. Satius has various outstanding requests for documents relating to sales and revenue data (*see, e.g.*, Ex. 3 (RFP Nos. 24-31)), for which Defendants have provided limited consolidated company-wide financial statements and one spreadsheet. Those documents do not provide all the detail needed to fully address damages contentions beyond Satius' current position that it seeks a reasonable royalty. Satius does not have sufficient information to establish "factual and legal contentions regarding damages" (Interrog. No. 7) or the relevance of "any non-U.S. activities" (Interrog. No. 8) (*see*, D.I. 48, Ex. A at 13-15) as shown by Defendants' interrogatory responses where they state that they "will not produce information [] about [] products or components that are exclusively made, used, offered for sale and sold in foreign countries" and that they will not provide information "[r]egarding sales of transceivers" because they "object[] that activities relating to sales . . . are not relevant nor proportional to the needs of this case." Ex. 4 at 16, 20. Defendants cannot refuse to provide information pertaining to the accused products and their financial information but then demand that Satius provide its damages contentions relating to those very products and information.

For Interrogatory No. 10, regarding "facts related to any valuation of this lawsuit, or any assessment of the potential or likely monetary or other damages," Satius asked Defendants for clarity as to the meaning of the request. Defendants remarked only that they seek "facts of which [Satius] is aware relating to its damages theory." D.I. 48 at 3. It remains unclear what a valuation of the lawsuit means. Nevertheless, Satius remains willing to work with Defendants to the extent they are able to provide clarity as to the scope of the request. The remainder of the interrogatory appears to be duplicative of Interrogatory Nos. 7 and 8 as it seeks information underlying Satius' damages theory, which is premature for the reasons set forth above.

**Interrogatory No. 11**
Interrogatory No. 11 broadly seeks "communications with any entity relating to . . . the Asserted Patent and allegations of infringement." In its response and during the parties' meet and confer, Satius stated that, to the extent any such non-privileged communications exist, it would produce them pursuant to Fed. R. Civ. P. 33(d) including any communications that may be subject to the forthcoming ESI Order.[3] Defendants' motion to compel is thus not ripe for the Court's consideration as the parties are still negotiating the ESI Order and production of such documents.

---
[3] Defendants have yet to respond to Satius' comments, from June 12, on the draft ESI Order.

The Honorable Christopher J. Burke
Page 4                                    Public version dated: August 7, 2019

                                    Respectfully,

                                    */s/ Alan R. Silverstein*
                                    Alan R. Silverstein (#5066)

ARS/mas/6331046

Attachments
cc:  Counsel of Record – by CM/ECF and E-mail