

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Adam W. Poff**
P 302.571.6642
apoff@ycst.com

February 21, 2023

**CM/ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:     *Satius Holding, Inc. v. Samsung, et al.* Case No. 18-850-MN-CJB

Dear Judge Burke:

Samsung respectfully submits this letter regarding the parties' sole remaining dispute over the proposed scheduling order, in accordance with the Court's Order. D.I. 98. Satius seeks to require Samsung to limit its prior art references—apparently for both obviousness and anticipation—to "three (3) references per asserted patent claim" in its final invalidity contentions. While Samsung believes the parties should discuss mutual narrowing proposals (including as to the numerous accused products) after the Court's claim construction ruling, Samsung respectfully submits that adopting a narrowing proposal limiting Samsung to three prior art references for anticipation and obviousness for each of the three asserted claims would be inappropriate under the facts of this case.

The Court's claim construction ruling in this case will be key in determining whether and how to narrow the case. The record is explicit that Satius has hidden its position on the meaning of the asserted claims. Initially, Satius refused to respond at all on invalidity. As the Court previously noted, "Plaintiff made Defendants seek Court intervention in order to get a substantive response to Defendants' invalidity contentions." D.I. 86 (citing D.I. 52). Even then, Satius' compelled interrogatory responses on invalidity continued to hide its positions on claim scope, with Satius repeatedly arguing that each prior art reference did not disclose various claim limitations "as claimed in the context of this patent," often with little to no further explanation.

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
February 21, 2023
Page 2

*See, e.g.*, Ex. 1 (exemplary chart). Resolving what Satius contends is "the context of this patent" will be critical before adopting Satius's one-way limiting proposal.[1]

During prior claim construction briefing, Satius further refused to take a position as to the meaning of key limitations. Satius proposed "plain and ordinary meaning" for key claim limitations, again with very limited detail as to why such a proposal was appropriate. D.I. 55. For example, Satius took the position that no construction is needed for the fundamental claim term "characteristic impedance of air." *Compare* D.I. 62 at §IV.B (Samsung noting that "characteristic impedance of air will be around approximately 377 Ohms") *with* D.I. 71 at § II.C.9 (Plaintiff refusing to take a position). Satius has not disclosed its positions on the meaning of the asserted claims in this litigation; adopting a three-reference rule now for final infringement contentions would reward Satius for its failure to take a position on what its claims mean.

Satius's positions in the ongoing reexamination further demonstrate the need for a claim construction ruling prior to adopting a narrowing proposal. In its infringement contentions here, for the claim limitation "said coupler matching the output impedance of the transmitter to the characteristic impedance of the air," Satius asserted that "Antenna Impedance Tuning" infringed because it featured "impedance matching between ANT and TX output." D.I. 63, Ex. 1 at 31. In reexamination proceedings, however, Satius has taken the opposite position, stating that an impedance matching tuner that matches between an antenna and a transmitter *cannot* be the claimed "coupler." Ex. 2 (seeking to distinguish prior art reference because it "discloses an impedance-matching network that matches the output impedance of a transmitter, Z1, to the input impedance of an antenna, Z2, not the characteristic impedance of air") (Jan. 30, 2023 Response to Non-Final Rejection at 3) (emphasis added).

In a case where Satius has declined to set out its positions on claim scope through responses to invalidity contentions, has declined to do so during prior claim construction briefing, and has taken positions in the reexamination proceedings that are at odds with its infringement argument, Samsung respectfully believes that imposing Satius's three-reference limit proposal for final infringement contentions would unduly provide a windfall to Satius. Samsung respectfully submits that the Court should consider narrowing proposals after the Court's claim construction ruling. The Court should deny Satius's request at present, without prejudice to the parties raising narrowing requests later in the litigation.

---

[1] Satius has indicated that it seeks to add various products to the litigation, after already accusing "all versions" of at least 40 products. Proposed Scheduling Order at ¶ 6.b. Any narrowing proposal by Satius should include narrowing the number of accused products and, at the very least, explaining which "versions" of which products are at issue and why.

Young Conaway Stargatt & Taylor, LLP
The Honorable Christopher J. Burke
February 21, 2023
Page 3

Respectfully submitted,

*/s/Adam W. Poff*

Adam W. Poff (No. 3990)

AWP
cc:   All Counsel of Record (Via electronic mail)

30140524.1